UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KINNICK B. SANFORD, JR.,

             Petitioner,

  v.

MARGARET GILBERT,

             Respondent.

Case No. C16-169 MJP-BAT

**REPORT AND RECOMMENDATION**

Petitioner Kinnick B. Sanford, Jr. filed this action under 28 U.S.C. § 2254. Dkt. 4. As this is Mr. Sanford's third federal habeas corpus petition challenging his 1998 conviction, respondent moves for dismissal for lack of jurisdiction or transfer to the Ninth Circuit Court of Appeals. Dkt. 12. Petitioner requests that this Court transfer his petition to the Ninth Circuit Court of Appeals and respondent does not oppose the request. Dkt. 16.

**DISCUSSION**

In 1998, the King County Superior Court convicted Mr. Sanford, upon a jury finding of guilt, of second-degree robbery and first-degree escape. Dkt. 12-1, Exhibit 1, Judgment and Sentence, *State v. Sanford*, King County Superior Court Cause No. 97-C-07256-1 SEA. As a persistent offender, Mr. Sanford received a life sentence without parole. *Id.* at 3.

In 2001, Mr. Sanford challenged the constitutionality of his 1998 conviction for the first time in federal district court, alleging that his trial attorney was ineffective. *Id.,* Exhibit 2,

REPORT AND RECOMMENDATION - 1

1  Report and Recommendation, *Sanford v. Morgan*, U.S. District Court, Western District, Cause
2  No. C01-142L, at 6.  The report and recommendation recommended dismissal of the petition.
3  The district court adopted it and denied Mr. Sanford's petition.  *Id.,* Exhibit 3, Judgment, *Sanford*
4  *v. Morgan*, U.S. District Court, Western District, Cause No. C01-142L, dated October 4, 2001.
5  The Ninth Circuit Court of Appeals denied Mr. Sanford's request for certificate of appealability
6  in 2002.  *Id.,* Exhibit 4, Order, *Sanford v. Morgan*, U.S. Court of Appeals, 9th Circuit, Cause No.
7  01-36058.
8      In 2007, Mr. Sanford again challenged the constitutionality of his 1998 conviction in
9  federal district court.  He argued then as he does now that his prior California assault conviction
10 did not qualify as a most serious offense in Washington.  *Id.*, Exhibit 5, Habeas Petition, *Sanford*
11 *v. Quinn*, U.S. District Court, Western District, Cause No. C07-1304-JCC-JPD.  The report and
12 recommendation recommended dismissal of the petition as untimely.  *Id.*, Exhibit 6, Report and
13 Recommendation, *Sanford v. Quinn*, U.S. District Court, Western District, Cause No. C07-1304-
14 JCC-JPD.  The district court adopted it and dismissed the petition as time-barred.  *Id.,* Exhibit 7,
15 Order, *Sanford v. Quinn*, U.S. District Court, Western District, Cause No. C07-1304-JCC.  The
16 district court dismissed Mr. Sanford's petition with prejudice in March of 2008.  *Id.*, Exhibit 8,
17 Judgment, *Sanford v. Quinn*, U.S. District Court, Western District, Cause No. C07-1304-JCC.
18 The Ninth Circuit Court of Appeals denied Mr. Sanford's request for certificate of appealability
19 in 2009.  *Id.*, Exhibit 9, Order, *Sanford v. Quinn*, U.S. Court of Appeals, 9th Circuit, Cause No.
20 08-35501.
21     Mr. Sanford's present petition is a successive third habeas petition in violation of 28
22 U.S.C. § 2244.  He failed to notify this Court that he had previously filed two habeas petitions
23 challenging the same conviction and he failed to request Ninth Circuit Court of Appeals'

REPORT AND RECOMMENDATION - 2

authorization prior to filing his third petition.  Therefore, this Court may dismiss the petition for lack of jurisdiction pursuant to 28 U.S.C. § 2244(a).  Alternatively, Mr. Sanford requests and respondent does not object to this Court transferring his petition as a motion for second or successive application to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(3)(B).

## CONCLUSION

The Court recommends that this petition be referred to the Ninth Circuit and that the file be administratively closed without deciding whether the petition should be dismissed.

Any objections to this Recommendation must be filed and served upon all parties no later than **Friday, September 9, 2016.**  The Clerk should note the matter for **Tuesday, September 13, 2016**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed twelve (12) pages.  The failure to timely object may affect the right to appeal.

DATED this  19th  day of August, 2016.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3